UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jerome Anderson, #335212,<br><br>　　　　　　　Plaintiff,<br><br>vs.<br><br>York County's Sheriff's Department;<br>Lt. Gary L. Davies;<br>Sgt. "Jane Doe";<br>Cpl./Ofc. "John Doe"; and<br>Sheriff Bruce Bryant,<br><br>　　　　　　　Defendants. | C/A No. 3:10-2481-CMC-JRM<br><br><br>**REPORT AND<br>RECOMMENDATION** |

　　　　Plaintiff, Jerome Anderson, proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff is an inmate at Lieber Correctional Institution, a facility of the South Carolina Department of Corrections (SCDC), and he files this action *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges that Defendants violated his constitutional rights, and Plaintiff seeks money damages. Defendant York County Sheriff's Department should be dismissed for failure to state a claim on which relief may be granted.

Discussion

　　　　Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*,

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). The Complaint herein has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." Title 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), holding them to a less stringent standard than those drafted by attorneys. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam)*. Even under this less stringent standard, however, a portion of the *pro se* Complaint is subject to summary dismissal.

Plaintiff filed this § 1983 action seeking damages for violation of his constitutional rights during the time he was a pre-trial detainee. Plaintiff alleges that Defendants Gary Davies, Jane Doe, and John Doe, used excessive force against him on August 30 or 31, 2008, while Plaintiff was located at the York County Detention Center. Plaintiff alleges that those Defendants physically

attacked him by punching and kicking him in his sides and back, and they also wrongfully used a hand-held taser on Plaintiff. Plaintiff alleges that Defendant Bryant was personally involved in a cover-up about the incident because the detention center allegedly has no record of Plaintiff being there during 2008 even though Plaintiff alleges that he was there for several months during 2008.[2] Plaintiff also appears to bring suit against Defendant York County Sheriff's Department. However, Defendant York County Sheriff's Department should be summarily dismissed because, pursuant to 42 U.S.C. § 1983, one of the elements a plaintiff must allege is that a person acting under the color of state law committed a constitutional or federal law violation. *See West v. Atkins*, 487 U.S. 42, 48 (1988). It is well settled that only "persons" may act under color of state law, and, therefore, a defendant in a Section 1983 action must qualify as a "person." Defendant "York County Sheriff's Department" is a department, group of buildings, or a facility. Inanimate objects such as buildings, facilities, and grounds cannot act under color of state law. *See Allison v. California Adult Auth.*, 419 F.2d 822, 823 (9th Cir. 1969) (finding that California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301(E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Therefore, Plaintiff failed to state a claim on which relief may be granted as to Defendant York County Sheriff's Department.

Moreover, in South Carolina, a sheriff's department is an agency of the state, not a department under the control of the county. *Gulledge v. Smart*, 691 F.Supp. 947, 954-55 (D.S.C. 1988) (discussing sheriff as agent and alter ego of state and that deputy sheriffs act as the sheriff's

---

[2] In an Order entered contemporaneously with this Report and Recommendation, service of process is authorized upon Defendants Davies, Bryant, Doe, and Doe.

3

agent), *aff'd,* 878 F.2d 379 (4th Cir. 1989); *Carroll v. Greenville County Sheriff's Dep't*, 871 F.Supp. 844, 846 (D.S.C. 1994) (suit against the sheriff's office is suit against the state). As an agency of the state, the York County Sheriff's Department is immune from suit under the Eleventh Amendment to the United States Constitution which divests this Court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts. *Stewart v. Beaufort County*, 481 F.Supp.2d 483, 492 (D.S.C. 2007) ("[A] federal court lacks jurisdiction to hear a cause of action against a South Carolina Sheriff's Department, as such a suit is barred by state immunity."). Therefore, because this Court does not have jurisdiction to entertain Plaintiff's suit against Defendant York County Sheriff's Department, it should be dismissed.

## Recommendation

Accordingly, it is recommended that the District Court dismiss Defendant York County Sheriff's Department *without prejudice* and without issuance and service of process. At this time, this lawsuit will continue against the remaining Defendants. *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal). **Plaintiff's attention is directed to the important notice on the next page.**

Joseph R. McCrorey
United States Magistrate Judge

January 14, 2011
Columbia, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).